UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 2:02-CR-31-TS |
| | ) | 2:08-CV-226-TS |
| JIMMIE MALLETT | ) | |

**OPINION AND ORDER**

    The Defendant, Jimmie Mallett, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons stated in this Opinion and Order, the Motion is denied.

**BACKGROUND**

    On April 25, 2001, Gary Indiana Police Officer Gerald Pointer, acting in an undercover capacity, asked a prostitute to buy crack cocaine and provided her with money to make the purchase. Officer Pointer observed the prostitute go to the front porch of 571 Madison Street and interact with the Defendant. She returned to Officer Pointer's car with a small quantity of crack. Officer Pointer's conversations with the prostitute and comments regarding the drug transaction were being transmitted to Gary Police Officer Jeff Trevino via the transmitting device worn by Officer Pointer.

    After the transaction, Officer Pointer, Officer Trevino, and others entered the common hallway of the 571 Madison Street residence and arrested the Defendant. The Defendant told Officer Pointer that he had drugs and money hiding under the bathtub. A search uncovered 85 grams of cocaine, money, firearms, and plastic baggies. In the pocket of the Defendant's pants, Officer Pointer found the money he gave the prostitute to purchase crack cocaine.

The next day, the Defendant signed a waiver of his *Miranda* rights and gave a statement to Officer Trevino revealing the location of drugs and money in the house. He also admitted that he sold crack cocaine. The State of Indiana charged the Defendant with several violations of controlled substance laws.

In March 2002, the Defendant filed a motion to suppress his statements and the results of the police search of his house. The State of Indiana did not address the merits of the motion, but filed a motion to dismiss all charges on the following grounds: "insufficient evidence to proceed to trial at this time." (Apr. 16, 2002, Mot. to Dismiss, DE 186.)

In December 2001, before the state charges were dismissed, a Task Force referred to as the Gary Responsive Investigative Team (GRIT) used a confidential individual to make controlled purchases of crack from individuals at 571 Madison Street on four separate occassions. After these purchases, GRIT obtained a search warrant for the house at 571 Madison Street. When they executed the warrant, agents recovered crack cocaine, large amounts of currency, documentation confirming that the house was the Defendant's residence, and a firearm. The Defendant also made statements to agents admitting his drug activity.

On March 29, 2002, the Government filed a criminal complaint against the Defendant in federal district court charging him with possessing with intent to deliver crack cocaine. On April 22, the Defendant was arrested, and on May 1, he was charged by way of Indictment with knowingly and intentionally maintaining a place for the purpose of manufacturing, distributing, and using crack cocaine, from on or about December 5, 2001, to December 20, 2001, in violation of 21 U.S.C. § 856(a)(1). He was also charged with knowingly and intentionally possessing with intent to distribute crack cocaine on December 20, 2001, in violation of 21 U.S.C. § 841(a)(1).

The Defendant was not charged federally with any offense arising out of the April 2001 drug transaction or contraband.

Before the start of trial, the Government filed a Notice of Intention to Use Crimes, Wrongs, or Acts in Evidence, in which it stated its intention to admit evidence of the April controlled purchase and the items of contraband police found at his residence, arguing that the evidence met the Seventh Circuit's four-pronged test for the admissibility of evidence under Rule 404(b). The Defendant, through counsel, lodged oral objections to the introduction of the evidence related to the April transaction and search. Counsel argued that admission of the evidence would be overwhelmingly prejudicial to the Defendant, noting that the search had been suppressed at the state level. The Government clarified that, although the Defendant had filed a motion to suppress in state court, the motion did not go to a hearing, and the state charges were dismissed based on a motion by the prosecutor's office that cited insufficient evidence as the basis for the dismissal. The Court overruled the Defendant's objection and allowed the Government to submit evidence of the Defendant's April drug activity to establish the Defendant's intent to sell illegal drugs from his residence as charged in the Indictment. Officers Pointer and Trevino testified regarding the April events. The Court gave the jury a limiting instruction to address any potential that the jury would use the evidence to infer propensity of the Defendant to distribute drugs.

On January 14, 2004, a jury found the Defendant guilty on both counts of the Indictment. Prior to being sentenced, the Defendant obtained two changes of counsel and filed objections to the Presentence Investigation Report (PSR). He also filed his objections with the Court, including his contention that the drugs recovered in April should not be included in the drug

amount that would determine his base offense level. The Court overruled the Defendant's objections and included the drugs recovered in April as relevant conduct.

The Defendant appealed his conviction and sentence. He challenged the Court's ruling to admit evidence of prior conduct under Rule 404(b), and the Court's calculation of his sentence, particularly its inclusion of 85 grams of cocaine recovered from his house in April as relevant conduct. The Seventh Circuit affirmed the judgment of the district court. *See United States v. Mallett*, 496 F.3d 798, 802 (7th Cir. 2007).

On August 5, 2008, the Defendant filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The Government responded on October 28, and the Defendant did not reply.

## ANALYSIS

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional or constitutional magnitude, or there has been a "complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Motions to vacate a conviction or correct a sentence ask the court to grant an extraordinary remedy to one who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006).

"A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Therefore, three types of issues are procedurally barred in a § 2255 motion: (1) those that were raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been but were

4

not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). There are three exceptions to this procedural bar. First, a petitioner can raise a procedurally barred constitutional issue if he can show that there was cause for failing to raise an issue on appeal and that prejudice resulted from the failure. *Id.* Second, he can raise a barred constitutional issue if he can show that a fundamental miscarriage of justice would result if the court did not hear the issue. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). The fundamental miscarriage of justice exception is reserved for those who claim actual innocence. *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999) (noting that a fundamental miscarriage of justice results where a "constitutional violation has probably resulted in the conviction of one who is actually innocent") (quoting *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)). There is no cause and prejudice exception for non-constitutional errors that could have been raised on appeal but were not. *Arango-Alvarez v. United States*, 134 F.3d 888, 891 (7th Cir. 1998). Lastly, ineffective assistance of counsel claims may always be raised in § 2255 cases. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Although the Defendant raises several argument in his habeas Motion, they all center around the April drug activity. The Defendant objects to the admission at trial of any evidence related to the April drug transaction and objects to the inclusion of the 85 grams of cocaine as conduct relevant to his offense level under the federal sentencing guidelines. The Defendant's recurring justification for this position is the fact that state court charges arising out of the April conduct were dismissed for insufficient evidence. The Defendant argues that this means that the

5

evidence was improperly seized and that it was wrong to inject any evidence from the April dealing into his trial for maintaining a drug house in December, and to consider it in deciding his sentence.

A.   **Procedurally Barred Grounds**

The Defendant argues that the "District Court improperly allowed" the jury to hear evidence of uncharged drug activity under Rule 404(b). (Mot. 4, DE 186.) The Defendant may not present this claim in this § 2255 motion because he raised it on direct appeal to the Seventh Circuit and has not argued changed circumstances. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) ("Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances."). The Defendant has neither presented anything in the circumstances of this case that support re-examination of the Rule 404(b) claim,[1] nor has he shown that the Court's failure to hear the issue would result in a fundamental miscarriage of justice.

Likewise, the Defendant's claim that the Court should not have included the drugs seized in April as relevant conduct was raised, considered, and rejected on appeal. *Mallett*, 496 F.3d at 802–03 (agreeing with district court's conclusion that drugs recovered from the Defendant's house in April were part of the same course of conduct for which the Defendant was convicted).

---

[1] The Defendant poses the question how charges dismissed at the state level because of insufficient evidence to go to trial could become sufficiently relevant to support later charges without violating Rule 403. (Mot. 7.) The Rule 404(b) analysis incorporates Rule 403. The Court of Appeals was aware that the state court charges were dismissed when it ruled that the evidence was admissible under the four-factor test that applies to the admission of other bad acts, which included a finding that it had probative value that was not substantially outweighed by the danger of unfair prejudice. *Mallet*, 496 F.3d at 802 (disagreeing with the Defendant's assertion that the evidence of his prior cocaine sales was unfairly prejudicial and cumulative).

To the extent he seeks to recapitulate his direct appeal on this issue, his claim is barred. The Defendant has pointed to no changed circumstances to suggest a different outcome.

B.   **Ineffective Assistance of Counsel Claims**

The Defendant presents an alternative challenge to the admission of the April drug transaction that is not procedurally barred. He claims that his counsel's performance was deficient when he failed to file a motion to suppress the evidence on Fourth Amendment grounds. The Defendant argues that his counsel should have moved to suppress evidence of the April drug transaction because the search was conducted without a warrant and because the state charges that arose out of that transaction were dismissed.

In seeking to prove that his counsel provided ineffective assistance, the Defendant "bears a heavy burden." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996) (citation omitted). To establish ineffective assistance of counsel, a petitioner must show: (1) that his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984); and (2) that there is a reasonable probability that "but for counsel's unprofessional errors the result of the proceeding would have been different," *id.* at 694. "A failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002) (citation omitted).

When the claim of ineffective assistance is based on counsel's failure to present a motion to suppress, a defendant must prove that the motion was meritorious. *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005); *United States v. Stewart*, 388 F.3d 1079, 1084 (7th Cir. 2004). The fact that the state charges involving the April drugs were dismissed by the state court does

not establish that the drug evidence was seized in violation of the Defendant's Fourth Amendment rights. *Cf. Cieslowski*, 410 F.3d at 360 (noting that a state prosecutor's concession of a *Miranda* violation "is certainly not binding on the federal court"). Here, there was not even a concession of a constitutional violation—just the state's exercise of discretion to dismiss the case for insufficient evidence to proceed to trial. The Defendant's reliance on the state court dismissal does not prove the existence of a viable suppression argument. The Defendant's confidence that a motion to suppress would have been successful because the search was conducted without a warrant is likewise misplaced because it fails to consider exceptions to the warrant requirement, including exigent circumstances, search incident to arrest, and consent.

Even if the Court were to assume that the Defendant could show that he would have most likely prevailed on a motion to suppress, the Defendant cannot establish the second prong of the *Strickland* analysis—that he was prejudiced by counsel's actions. First, a decision to exclude evidence of the contraband found in his house would not have affected the admissibility of evidence regarding the controlled purchase that preceded the search. Second, even without evidence of the April transaction and drugs, there was overwhelming evidence that the Defendant was maintaining a drug house and dealing drugs. The Defendant confessed to the crimes charged, and the Government presented, in the words of the Seventh Circuit, "an enormous amount of physical evidence to prove the charged conduct." *Mallett*, 496 F.3d at 802. Likewise, a successful motion to suppress the April drugs on Fourth Amendment grounds would not have had any impact on the Defendant's sentence because "[g]enerally, the exclusionary rule is inapplicable at the criminal sentencing phase." *United States v. Perez*, — F.3d —, 2009 WL 2870623, at *3 (7th Cir. Sept. 9, 2009) (citing *United States v. Brimah*, 214 F.3d 854, 858–59

(7th Cir. 2000)).

It is not clear from the Defendant's Motion whether he is attempting to assert that counsel was deficient in any other way. Because the lawyers representing the Defendant throughout his criminal case vigorously argued against the introduction of the April drug transaction, and later objected to the inclusion of the drug amounts as relevant conduct for sentencing, the Defendant cannot claim that counsel's performance was deficient in relation to these matters. Rather, despite counsel's best efforts, the Court ruled against the Defendant on these issues, and these rulings were upheld on appeal.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion under 28 U.S.C. § 2255 [DE 186] is DENIED.

SO ORDERED on October 22, 2009.

                                              s/ Theresa L. Springmann  
                                              THERESA L. SPRINGMANN  
                                              UNITED STATES DISTRICT COURT